

**IN THE DISTRICT COURT OF TULSA COUNTY**
**STATE OF OKLAHOMA**

DISTRICT COURT
**F I L E D**
JUL 30 2015
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| SHARON THORPE, an individual, | ) |
| Plaintiff, | ) CJ-2015-02820 |
| v. | ) Judge: MARY F. FITZGERALD |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, A foreign for profit Corporation. | ) ATTORNEY LIEN CLAIMED |
| Defendant. | ) |

### PETITION

**COMES NOW** the Plaintiff, Sharon Thorpe, and for her cause of action against the Defendant, states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Tulsa, County, State of Oklahoma.

2. Defendant State Farm Mutual Automobile Insurance Corporation ("State Farm") is a foreign for-profit corporation doing business in Oklahoma with substantial ties to Tulsa County.

3. The acts and omissions that gave rise to this litigation occurred in Tulsa County, State of Oklahoma.

4. This Court has jurisdiction, and venue is proper in Tulsa County, State of Oklahoma.

### FACTS COMMON TO ALL CLAIMS

5. Paragraphs 1-5 are incorporated herein by reference.



EXHIBIT 1

6. On or around October 18, 2013, Plaintiff was injured in a motor vehicle accident due to the negligence of a third party.

7. Plaintiff sustained serious bodily injury as a result of this accident.

8. The Plaintiff had an insurance policy of uninsured/underinsured motorist coverage with the Defendant State Farm.

9. On September 10, 2014, Defendant received Plaintiff's request that Defendant State Farm, pay benefits under said policy in accordance with *Burch v. Allstate*, 1998 OK 129, 977 P.2d 1057, as the value of Plaintiff's claim clearly exceeded the tort-feasor's liability policy limits.

10. Defendant on November 6, 2014, December 5, 2014 and February 4, 2015 requested "status updates" while having received all relevant information to evaluate its claim on September 10, 2014.

11. On February 12, 2015, Defendant State Farm denied Plaintiff's claim for uninsured/underinsured motorist benefits for her October 18, 2013 accident.

12. Defendant State Farm refuses to tender benefits under the applicable policy of insurance and continues to maintain the position that the value of Plaintiff's claim falls within the policy limits held by the tort-feasor.

## CAUSE OF ACTION

(AS TO DEFENDANT STATE FARM)

### COUNT I: BREACH OF CONTRACT

13. Paragraphs 1-12 are incorporated herein by reference.

14. Plaintiff was insured by an uninsured/underinsured motorist coverage policy with Defendant State Farm at the time of the accident.

15. That, at the time of the accident, the third party tort-feasor was an underinsured motorist, in that he did not have enough liability insurance coverage to thoroughly compensate the Plaintiff for her injuries. That pursuant to the terms of the policy of insurance with Defendant State Farm, this is a situation wherein the uninsured/underinsured motorist coverage contained in said policy applies to the accident involving Plaintiff.

16. Plaintiff has requested that Defendant State Farm tender payment under said policies, and Defendant State Farm has failed to tender said payment in connection with said policy. Plaintiff has performed all conditions precedent under the policy.

17. That the Defendant State Farm has breached its contract of insurance and has wholly refused or neglected to pay Plaintiff the value of her damages. Said failure constitutes a breach of contract of said insurance policy, and the Plaintiff is entitled to a judgment against Defendant State Farm for the personal injuries sustained while covered by such contract, together with attorney's fees and costs.

### COUNT II – BAD FAITH

18. Paragraphs 1-17 are incorporated herein by reference.

19. There was in effect at the time of the accident a policy of uninsured/underinsured motorist coverage with Defendant State Farm with respect to the Plaintiff.

20. Defendant State Farm was contacted by Plaintiff requesting that it fulfill its contractual obligations and tender payment under the applicable policy of uninsured/underinsured insurance coverage.

21. As of the date of this filing, Defendant State Farm has yet to tender the policy

amounts owed to Plaintiff, or to make any payment to Plaintiff whatsoever.

22. In its handling of Plaintiff's claim for benefits under the insurance policy, and as a matter of routine practice in handling similar claims, Defendant breached its duty to deal fairly and in good faith towards Plaintiff and others.

23. As a direct result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of the insurance policy benefits, mental and emotional distress, anxiety, embarrassment, medical expenses and financial hardship, all in an amount in excess of $75,000.00.

24. Plaintiff has retained an attorney to prosecute this action and is thus entitled to a reasonable attorney fee as well as the costs expended in pursuit of this litigation.

### COUNT III – PUNITIVE DAMAGES

25. Paragraphs 1-24 are incorporated herein by reference.

26. The intentional, wanton and reckless conduct of Defendant in disregard of Plaintiff and others is, and was, conducted with full knowledge, in that Defendant knew, or should have known, of the severe adverse consequences of its actions upon Plaintiff and others.

27. That such actions and or inactions were not only detrimental to the Plaintiff but the public in general.

28. Defendant has acted intentionally, maliciously and in reckless disregard for the rights of the Plaintiff. As a result, the Plaintiff is entitled to recover punitive damages against the Defendant for these actions.

**WHEREFORE**, based on the foregoing, Plaintiff prays that this Court grant the

relief sought including, but not limited to, actual damages in excess of Seventy Five Thousand Dollars ($75,000.00), with interest accruing from date of filing of suit, punitive damages in excess of ($75,000.00), reasonable attorneys fees, and all other relief deemed appropriate by this Court.

        Respectfully submitted,

        SMOLEN, SMOLEN & ROYTMAN, PLLC

        Donald E. Smolen, II (OBA# 19944)
        701 South Cincinnati Avenue
        Tulsa, OK 74119
        (918) 585-2667
        (918) 585-2669 (Fax)
        *Attorneys for Plaintiff*